" CATHERINE WHITE ", Respondent, v. " GARY GREY ", Appellant.—*Per Curiam.* Appeal from an order of filiation and support following a trial in Family Court. The record discloses that the petitioner was sexually promiscuous, and at the time of the conception she was " going steady " with another man but allegedly had no relations with him. At the same time she was quite regularly submitting to sexual relations with the appellant who while admitting such relationships, contended that they did not commence until after the beginning of the normal period of gestation. The appellant, during pregnancy and for some time thereafter, apparently considered himself the father but upon being advised that petitioner went out with other men during the crucial period, decided he might not be the father. The letters were properly admitted into evidence but standing alone would not be sufficient to sustain the cause of action. (See *Schuerf* v. *Fowler*, 2 A D 2d 541.) This court has on prior occasions stated that while in proceedings of this nature there are always doubts, we will not interfere with the trier of the fact, who sees and hears the witnesses, if we are satisfied from the record that the testimony is " entirely satisfactory " and which we find with reference to the present record. (See *People* v. *Arcieri*, 8 A D 2d 923.) The appellant further objects to the finding of $5 per week support for the first year and $10 per week thereafter. While there may be circumstances when the taking of proof is necessary to establish financial responsibility (cf. Family Ct. Act, § 545), it would be difficult to conceive of a smaller sum than the amount allowed and we find no merit to this contention particularly, when there is some evidence to justify the award. The award of $150 attorney fees is likewise questioned but the record shows no attempt by the appellant or his attorney to claim hardship, inability to pay or other justifiable excuse, but only an exception taken to the order of the court on the ground that the award was not supported by the evidence. Under the circumstances, the amount awarded to the attorney was fair and reasonable. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.